**SO ORDERED.**

**SIGNED this 8th day of May, 2012.**



*Dale L. Somers*
Dale L. Somers
United States Bankruptcy Judge

___

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| In Re: | |
| **DONALD P. OSBORNE,** | CASE NO. 08-12358 |
| DEBTOR. | CHAPTER 7 |
| **CARL B. DAVIS, Trustee,** | |
| PLAINTIFF, | |
| v. | ADV. NO. 10-05033 |
| **DONALD P. OSBORNE,** | |
| DEFENDANT. | |

## MEMORANDUM OPINION AND ORDER DENYING
## TRUSTEE'S MOTION FOR SUMMARY JUDGMENT

The Plaintiff Trustee moves for summary judgment on his three count complaint for revocation of discharge. The Debtor appears pro se. For the reasons stated below, the Court denies the Motion.

**BACKGROUND FACTS.**

This Chapter 7 bankruptcy was filed by Debtor Donald P. Osborne pro se on September 17, 2008. Debtor received a discharge on April 20, 2009. The Trustee filed his complaint to revoke discharge on February 10, 2010, his first amended complaint on April 5, 2010, and a motion for leave to file a second amended complaint on September 17, 2010. On March 22, 2012, the Trustee filed his motion for summary judgment (Motion) on the allegations of the second amended complaint (Complaint).

The Complaint is in three counts. In Count I, the Trustee seeks to have Debtor's discharge revoked under § 727(d) based upon his failure to appear at hearings on January 19, 2010 and February 1, 2010 to show cause why he should not be held in contempt for failure to appear for a Rule 2004 examination. Count II prays for revocation of discharge under §§ 727(a)(4), 727(a)(2), and 747(d)(1) based upon Debtor's failure to list real property interests in his schedules. Count III prays for revocation of discharge under §§ 727(a)(4), 727(a)(2) and 747(d)(1) for Debtor's failure to identify in his schedules all assets and all creditors; selling property of the estate and failing to turnover proceeds; using persons as his alter ego to buy, sell, and hold property; and engaging in substantial business activities not disclosed in his schedules or to the Trustee.

2

**THE MOTION AND DEBTOR'S POSITION.**

The Trustee filed his Motion and supporting memorandum in accord with applicable rules. The memorandum includes a statement of uncontroverted facts and arguments based upon those facts. Attached in support of the statement of facts are copies of the 2004 examination of Debtor taken on July 27, 2010 and of correspondence between the Debtor and the Trustee. Debtor did not respond to the Motion in the manner contemplated by the applicable rules. In this circumstance, subsection (e) of Rule 56 gives the Court four options: (1) Give the non-movant an opportunity to properly address the facts; (2) consider the facts undisputed for purposes of summary judgment; (3) grant summary judgment if the motion and supporting materials show the movant is entitled to it; or (4) issue any other appropriate order. In other words, Debtor's failure to respond does not automatically entitle the Trustee to judgment in his favor.

The fact that Debtor appears pro se is a significant factor in the Court's consideration of the Motion. Unlike some pro se debtors, Debtor displays no familiarity with bankruptcy law or court procedures. The Court will therefore not prolong this litigation by requesting Debtor to comply with the Rule 56 procedures. Rather, the Court will evaluate whether the Trustee is entitled to judgment in his favor based upon the Motion and the memorandum in support. It will then verify that its conclusions are consistent with Debtor's testimony in his July 27, 2010 Rule 2004 examination, including those portions not expressly relied upon by the Trustee.

**ANALYSIS.**

"The bankruptcy court must strictly construe the provisions on revocation of discharge and revoke a discharge only for reasons clearly stated in the Code."[1] The Trustee has the burden to prove the elements of each count by a preponderance of the evidence.[2]

The first count is for revocation of discharge under § 727(d)(3). It allows for the revocation of discharge if a debtor committed an act specified in § 727(a)(6). That subsection states that the court shall grant the debtor a discharge unless "the debtor has refused in the case to obey any lawful order of the court, other than an order to respond to a material question or to testify." Contempt of court, as alleged by the Trustee, can be a basis for denial of discharge.[3] "But an objection to discharge has been denied where the debtor's failure to comply with an order was due to inability to comply, inadvertence or mistake, as opposed to wilful, intentional disobedience or dereliction."[4] The uncontroverted facts submitted by the Trustee establish only that Debtor did not comply with Court orders to appear and show cause why he failed to comply with an order for a 2004 examination. The Trustee does not provide facts from which the Court can

---

[1] *Morris v. Morris (In re Morris)*, 2008 WL 819296 (Bankr. D. Kan. March 26, 2008).

[2] *Id.*

[3] 6 *Collier on Bankruptcy* ¶ 727.09[1] (Alan N. Resnick & Henry J. Sommer eds.-in-chief, 16th ed. rev. 2012).

[4] *Id.*

4

conclude that Debtor's failure to comply was wilful, intentional disobedience. This alone is grounds to deny the Motion as to Count I. The correctness of this conclusion is shown by consideration of the Debtor's reason for not appearing as stated in the Rule 2004 examination. Debtor resides in Texas. In his 2004 exam Debtor testified that the real reason he did not appear as commended was because he didn't have the money to make the appearance.[5] Trial is required to determine if Debtor's contempt was wilful, intentional disobedience. The Trustee's motion for summary judgment on Count I is denied.

Count II seeks to revoke Debtor's discharge for his failure to disclose his ownership of various Texas real property interests at the time of filing. Count III seeks to revoke discharge based primarily upon omissions from Debtor's schedules and his engagement in business activities both before and after filing which were not identified to the Trustee. The Code sections cited are §§ 727(a)(2), (a)(4), and (d)(1). Subsection (a)(2) provide for denial of discharge if the debtor, "with intent to hinder, delay, or defraud . . . an officer of the estate . . ., has concealed . . . property of the estate." Subsection (a)(4) provides for denial of discharge if the debtor "knowingly and fraudulently, in or in connection with the case, made a false oath or account" or withheld recorded information relating to the debtor's property of financial affairs. Section 727(d)(1) provides that discharge can be revoked if "such discharge was obtained through

---

[5] July 27, 2010, Rule 2004 Examination of Donald P. Osborne (hereafter Tr.), 89.

the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge." "The fraud required [for revocation of discharge] is fraud in fact, such as the intentional omission of assets from the debtor's schedules. The fraud required to be shown must involve intentional wrong, and does not include implied fraud or fraud in law, which may exist without the imputation of bad faith or immorality."[6]

The Trustee's statement of uncontroverted facts sets forth Debtor's alleged wrongful acts and omissions, but it does not include facts from which the Court can conclude that the Debtor's acts involved intentional wrong. This requires denial of the Motion. And controversies about whether Debtor committed the wrongs alleged and whether his conduct was fraudulent are fully supported by a review of the 2004 examination upon which the Trustee relies. It shows that Debtor does not share the Trustee's interpretations of his actions. By way of example, as to the Texas real properties which the Trustee contends were fraudulently omitted from Debtor's schedules, Debtor contends they were not owned by him on the date of filing because he had bought only options to purchase, not the real property.[7] He also testified that all the trucks he owned on the date of filing were listed on the schedules.[8] Repeatedly, Debtor testified that he was not in bankruptcy when some of the challenged transactions occurred.[9]

---

[6] 6 *Collier on Bankruptcy* at ¶ 727.17[2].

[7] Tr. 54.

[8] *Id*. 59.

[9] *E.g, id*. 132-133.

Case 10-05033   Doc# 70   Filed 05/08/12   Page 6 of 7

Apparently Debtor understood that the entry of discharge significantly changed his duties and obligations. These are examples of evidence which establish controverted facts about what happened and also support the Court's refusal to conclusively infer wrongful intent sufficient to revoke discharge based upon the Trustee's excerpts from the 2004 examination. The Court therefore denies the Motion for summary judgment on Counts II and III. Trial will be necessary to determine whether Debtor's discharge should be revoked.

**CONCLUSION.**

For the foregoing reasons, the Trustee's Motion for summary judgment is denied.

**IT IS SO ORDERED.**

###

.